Daljit Singh **DILLON**, a/k/a Dalsher Singh, Petitioner—Appellant,

v.

Thomas **SCHILTGEN**, District Director, Ins; et al., Respondents—Appellees.

No. 03–57136.

D.C. No. CV–01–07239–SJO.

United States Court of Appeals, Ninth Circuit.

Argued Jan. 13, 2005.

Submitted May 5, 2005.*

Decided May 5, 2005.

Gary H. Manulkin, Manulkin, Glaser & Bennett, Fountain Valley, CA, for Petitioner—Appellant.

Keith M. Staub, Los Angeles, CA, for Respondents—Appellees.

Before REINHARDT, O'SCANNLAIN, and CLIFTON, Circuit Judges.

MEMORANDUM**

Dillon appeals from the district court's denial of his second habeas petition. He argues that his second habeas petition

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

should be granted because the Board of Immigration Appeals ("BIA") erred in denying as untimely his third motion to reopen, which asked for relief under the Convention Against Torture ("CAT"). He explains that this relief was not made available until March 22, 1999 while he was in detention and that the 90–day period for filing motions to reopen to seek relief under CAT expired before he was released. *See* 8 C.F.R. § 208.18(b)(2). He contends that, while in detention, he had inadequate access to legal material and that therefore the deadline to file his motion to reopen should have been tolled while he was in custody. However, we need not decide whether he is entitled to equitable tolling or whether he raised this issue adequately before the agency because, even assuming that CAT's deadline was tolled during his detention, his motion would still have been untimely. Dillon was released on January 25, 2000, and, if the deadline had been tolled during his detention, he would have had until April 24, 2000 to file his motion to reopen. However, he did not file it until August 8, 2001.

Dillon also challenges the CAT regulations by claiming that the Immigration and Naturalization Service ("INS") violated the Administrative Procedure Act by making the CAT regulation effective before the end of the notice and comment period. *See* 5 U.S.C. § 553. Again, however, we need not decide the issue Dillon raises— whether the regulation complied with the Act—because Dillon was not adversely affected by the premature implementation. 5 U.S.C. § 702. Delaying the implementation of the regulations until the end of the notice and comment period would have extended the filing period until April 20, 1999; however, Dillon did not file his motion to reopen for over another two years.

Finally, we need not decide whether, as a matter of due process, the immigration judge and the BIA should have addressed Dillon's arguments in their dispositions because he suffered no prejudice, as the BIA's ultimate decision that his motion to reopen was untimely was correct. *See INS v. Bagamasbad,* 429 U.S. 24, 25, 97 S.Ct. 200, 50 L.Ed.2d 190 (1976) (explaining that "[a]s a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").[1]

**AFFIRMED.**

---

1. Petitioner's Motion to Remand is denied. The approval of his wife's relative immigrant visa petition does not provide a basis for relief in connection with this petition.